IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL A. BANKS,**

                Petitioner,

     v.                                          CASE NO. 08-3226-RDR

**SHELTON RICHARDSON, et al.,**

                Respondents.

**O R D E R**

    This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 1915. Petitioner, a state prisoner from Maryland currently confined in a Kansas facility operated by the Corrections Corporation of America (CCA), proceeds pro se in this matter. Because petitioner submitted neither the $5.00 district court filing fee required under 28 U.S.C. § 1914, nor a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee, the court grants petitioner additional time to satisfy one of these statutory requirements.

    The court's initial review of the habeas application discloses that two of petitioner's three claims (Claims I and III) allege error in his Maryland criminal proceeding and conviction. Because petitioner is in custody pursuant to a state court judgment, he must seek relief on these two claims in a habeas petition filed under 28 U.S.C. § 2254 after first exhausting available remedies in the

Maryland state courts. *See* <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973)(state prisoner's challenge to the fact or duration of his confinement must be presented through a petition for writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state court remedies). The more appropriate and convenient forum for such an action would be the United States District Court for the District of Maryland, and the appropriate respondent would be the Maryland Attorney General or the Maryland Secretary of Public Safety and Correctional Services. *See* <u>Braden v. 30th Judicial Circuit Court of KY.</u>, 410 U.S. 484, 498-99 (1973). *See also* Habeas Rule 2 (state officer having custody of a petitioner pursuant to a state court judgment is to be named as respondent in habeas corpus actions brought pursuant to 28 U.S.C. § 2254).

As it appears petitioner has not yet exhausted state court remedies on Claims I and III and is not foreclosed from refiling his petition under § 2254 in the District of Maryland within the one year provided under 28 U.S.C. § 2244(d)(1), the court finds these two claims are subject to being dismissed without prejudice to allow petitioner to proceed in the proper venue.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to either pay the $5.00 district court filing fee, or to submit an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why Claims I and III in the petition should not be dismissed without prejudice.

The clerk's office is to provide petitioner with a form motion for filing under 28 U.S.C. § 1915.

DATED:  This 19th day of September 2008, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge